[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Elizabeth McDonald, was a candidate for the Avon Board of Education in the municipal election held on May 5, 1997. She and Paul E. Potanka were the two candidates nominated by the Democratic Party and they ran against two candidates, David T. Shopis and Candace G. Gunn who were nominated by the Republican Party and Ronald C. Brown and Joanne E. Sinisi who were petitioning candidates. Both Brown and Sinisi were registered Republicans. Four seats on the Board were at stake, and the declared winners were Shopis, Gunn, Potanka and Sinisi, who had 61 more votes than McDonald.
Additional plaintiffs are Valerie Ferro and Thomas Carey who are registered Avon voters who allege aggrievement based on their claim that they and other voters were misled by statements made by Caroline LaMonica, the Town Clerk, to the effect that the two Democratic nominees would necessarily be elected regardless of their number of votes in relation to the other candidates because of minority representation requirements imposed by State Statutes and the Avon Town Charter.
In addition to LaMonica, the other defendants are the Republican and petitioning candidates for the Board of Education and the Town of Avon. CT Page 6389
The plaintiffs bring this action pursuant to Section 9-328 of the General Statutes which provides in relevant part that "Any elector or candidate claiming to have been aggrieved by any ruling of any election official in connection with an election for any municipal office . . . may bring a complaint to any judge of the Superior Court for relief therefrom." At issue are statements made by LaMonica to members of the Democratic Town Committee and perhaps to a reporter from the Hartford Courant which reported in its May 1, 1997 edition that "Only two Democratic seats [Board of Education] are up for grabs, and two Democrats have been endorsed by the party to run: Paul Potanka, who is filling a vacancy this term, and newcomer Beth McDonald. There are no Democratic challenges, and that essentially guarantees their election — even if no one votes for them."
The plaintiffs claim that some voters, believing that the two Democratic candidates were assured victory, voted for the challenge candidates in an effort to defeat the party endorsed Republicans.
It is questionable whether or not LaMonica acted as an election official when she stated that the two Democratic candidates necessarily would win because of minority representation requirements. Her statements to Paul Fox, the Democratic Town Chairman, were made in January, 1997, before any petitioning candidates had been certified. A Town Clerk has various duties involving elections, but her conversations with Fox and other witnesses do not seem to fall within that purview.
The plaintiffs' case must fail because the court finds that no ruling was made by LaMonica as an election official. She offered to seek advice on the issue of minority representation from the town attorney for a member of the Democratic Town Committee but was told not to pursue the matter. Informal conversations in a casual, unstructured and unscheduled setting do not rise to the status of a "ruling" within the meaning of Section 9-328 of the General Statutes even when, as here, the speaker is a long-time and well-regarded Town official.
The plaintiffs' case must also fail because the court cannot find that the election results would have been any different if the statements of the Town Clerk had not been made. Only two or three witnesses testified that they relied on the misleading information and accordingly did not vote for the Democratic candidates although they would otherwise have done so. Sixty-one CT Page 6390 votes separated the plaintiff McDonald from the victor, Sinisi.
The defendants filed a motion to dismiss which is denied.
However, the defendants have prevailed on the merits of the case and judgment enters for the defendants. No costs are assessed.
John J. Langenbach, Judge